■ JAMES D. PHYFE, Appellant, v GAELEN B. PHYFE et al., Respondents. (Appeal No. 12492.) — Judgment, Supreme Court, New York County (Sutton, J.), entered September 4, 1980, which granted a divorce to defendant-respondent wife, modified, on the law and the facts, to vacate the award of counsel fees, and to remand that issue to Supreme Court, New York County, for a reopened hearing on that subject, without costs, and otherwise affirmed. The parties, having stipulated that the evidence as to the wife's claim for counsel fees should be presented in affidavit form, developed a record which is insufficient for us to evaluate the amount awarded. Thus, we know little by way of evidence, as distinguished from argument, about the parties actual ability to pay, and even less about the terms of counsel's retainer. (Appeal No. 12493.) — Appeal from order of same court and Justice entered January 8, 1981, which denied plaintiff-appellant's motion to reargue and renew the foregoing judgment in respect of counsel fees, dismissed, without costs. On examination we find the motion one for reargument only, denial of which is not appealable. (Appeal No. 12494.) — Order of the same court and Justice and of the same date as the foregoing, which granted defendant-respondent's motion to quash two subpoenas relating to counsel fees, affirmed, without costs, and without prejudice to reissue if relevant to the hearing ordered in Appeal No. 12492. The parties having stipulated as above, there was no ongoing proceeding to which the subpoenas could be referable when issued. Concur — Murphy, P. J., Sandler and Carro, JJ.

Kupferman, J., dissents in part in a memorandum with respect to the appeal from the judgment as follows: The only issue before the court is the award of counsel fees for the attorneys for the wife. They originally asked for some $41,000 and were awarded $25,000. There does not seem to be much doubt that the amount in question was earned. In fact, plaintiff husband, who disputes the counsel fees awarded to the wife, in his motion for reargument or renewal, presented an affidavit by his attorney indicating that he, himself, had expended in excess of and owed $35,000 in counsel fees. Unlike the situation in *Stern v Stern* (67 AD2d 253), where the husband was obstructive and, thus, increased the amount of legal labor necessary for the wife, here, we have a situation where the plaintiff husband sought custody of the two children[*] and finally was successful in reaching a stipulation which gave him a substantial amount of visitation. Although the children are with him almost half of their time, he pays $225 per week to the wife for their support. The husband is, himself, a lawyer and earns a substantial salary. However, when one analyzes the figures as to his gross and net income versus the wife's gross receipts from salary as a private school administrator, summer earnings, tutoring fees, dividends, gifts from her parents, etc., plus the child support, the relative positions of the parties balance out. The husband's sole substantial asset is the co-operative apartment that he owns at Fifth Avenue and 98th Street, in Manhattan. However, while an asset, if it is turned into currency, there would be no place for him to live or for the children to stay when they are with him. I see no point in remanding this matter for further hearing, with further costs, when we already have the record before us of 447 pages. Inasmuch as the parties are on a substantially equal footing, they should share in the counsel fees and, accordingly, I would award, from the husband, the sum of $12,500.

[*] He originally sought a divorce based on adultery, seemingly admitted, and cruel and inhuman treatment, resulting in a fault divorce to each party based on cruel and inhuman treatment of the other, after a stipulation on custody, child support, etc.